# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff-Appellee, | Case No. 2:04-CV-00408-KJD-PAL |
| v. | **ORDER** |
| CORBY SEITLES, | |
|     Defendant-Appellant. | |

    Presently before the Court is Appellant's direct appeal from a Judgment of Conviction in a misdemeanor criminal case. The Magistrate Judge enjoyed original jurisdiction pursuant to 18 U.S.C. § 3401. This Court has jurisdiction to review the matter presented pursuant to 18 U.S.C. § 3402. The Court has considered Appellant's Opening Brief (#9), the Government's Answering Brief (#11), and Appellant's Reply Brief (#12).

I.  Facts and Procedural History

    On June 9, 2003, the Las Vegas Metropolitan Police Department informed the Lake Mead National Recreation Area Law Enforcement Dispatch of an apparently abandoned motor home located in a wash north of North Shore Drive. The next day, Rangers Jerald Vanderpool and Ken Burger investigated the location. They inspected the interior of the motor home, which was entirely burned, leading them to conclude that it had been abandoned.

On June 16, the Rangers returned to the site accompanied by a towing company in order to remove the abandoned vehicle from the site. At that point, Appellant Corby Seitles ("Seitles") appeared demanding to know why the Rangers were on his mining claim. Seitles claimed to have a valid "casual use" permit but could not produce the necessary paperwork or permits upon demand by the Rangers. Seitles also could not produce a permit that he claimed allowed him to have his motor home on BLM property.

Ranger Vanderpool contacted the Las Vegas Field Office in order to confirm Seitles' claims. The Field Office was unable to locate any information under Seitle's name. Ranger Vanderpool gave Seitles the opportunity to move the vehicle personally or to have it towed. Seitles elected to have the motor home towed from the premises. Significantly, Seitles stated that he would have to wet down the dirt before being able to move the vehicle onto the roadway.

The following day, Ranger Vanderpool informed Seitles that he would have fifteen (15) days to show that he had the necessary permits. Seitles did not provide the requested information, and on July 15, 2003, the Government filed a Complaint against Seitles, charging him with ten counts of violating federal law. In response to a motion to dismiss, the Government moved to dismiss Counts Five, Six, and Seven. The Court granted the request on November 25, 2003.

Additionally, Seitles moved to dismiss the claims based upon the Speedy Trial Act on November 18, 2003. Seitles claimed that the Goverment failed to satisfy the Act's requirements when it charged Defendant by way of Complaint for Class A misdemeanors and did not file an Indictment or Information within thirty days of Defendant's original summons. The Government agreed to dismiss Counts One, Three, Four, Nine and Ten. However, the Government argued that Counts Two and Eight were Class B misdemeanors not subject to the Speedy Trial Act.

Seitles was charged in Count Two with Unregistered Vehicle, in violation of 43 C.F.R. § 8341.1(d) and Nev. Rev. Stat. § 482.545, and was charged in Count Eight with Causing a Fire or Safety Hazard, in violation of 43 C.F.R. § 3715.6(h). On December 8, 2003, Magistrate Judge Peggy A. Leen conducted a hearing on all pending motions. At that hearing Judge Leen dismissed Counts

One, Three, Four, Nine, and Ten with prejudice.  In regards to Counts Two and Eight, Judge Leen granted the Government's oral motion to amend to reflect that Count Two was being charged pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13 thereby incorporating Nevada Revised Statute § 482.545.  Count Eight was amended to reflect that it was being charged pursuant to supplementary rules contained in 43 C.F.R. § 8365.1-6.

At the close of the bench trial on March 24, 2004, the Magistrate Judge found Seitles guilty on both counts.  Seitles was sentenced the same day and Judgment in a Criminal Case was entered on April 5, 2004.  Seitles filed a timely notice of appeal the same day.  On appeal, Seitles argues that Count II cannot be amended pursuant to the Assimlative Crimes Act and should have been dismissed pursuant to the Speedy Trial Act.

II.  Analysis

Interpretation of the Assimilative Crimes Act ("ACA") and 43 C.F.R. § 8341.1(d) are questions of law which are reviewed *de novo*.  See United States v. Waites, 198 F.3d 1123, 1127 (9th Cir. 2000).  The ACA provides that:

> Whoever [within a federal enclave]...is guilty of an act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State...in which such place is situated, by the laws thereof..., shall be guilty of a like offense and subject to a like punishment.

Title 18 U.S.C. § 13.  The ACA's purpose is to borrow state law to fill gaps in federal criminal law that applies on federal enclaves, such as the Lake Mead National Recreation Area.  See Lewis v. United States, 523 U.S. 155, 159 (1998).  Appellant argues that the magistrate judge erred by allowing the Government to amend their complaint to charge Appellant using the ACA to assimilate Nevada Revised Statute § 482.545 (1) which makes it unlawful to operate any motor vehicle which is not currently registered.  Appellant argues that an enactment of Congress, 43 C.F.R. § 8341(d), exists already penalizing the conduct the Government is attempting to charge through the ACA.  Section 8341(d) prohibits the operation of "an off-road vehicle in violation of State laws and regulations

relating to ...registration." Appellant argues that if charged under Section 8341, the act complained of is a Class A misdemeanor subject to dismissal for failure to comply with the Speedy Trial Act.

In determining the application of the ACA, the Court must first ask if the defendant's act or omission is "made punishable by any enactment of Congress." Lewis, 523 U.S. at 164. If the answer to this question is 'no' that will end the matter and the ACA assimilates the state statute. See id. In this case, the Court finds that Seitles' operation of the unregistered motor home is not made punishable by any enactment of Congress. Therefore, the ACA assimilates NRS § 482.545 (1), and the magistrate judge properly concluded that Count Two should not be dismissed for violation of the Speedy Trial Act.

The plain language of the statute is the initial point of inquiry in a statutory construction case. See Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992). Judicial inquiry into a statute's meaning ends when the statute directly addresses an issue. See id. In the present case, the plain language of 43 C.F.R. 8341(d) makes it clear that the regulation is not intended to punish the operation of a motor home like Seitles'. First, the regulation clearly refers to "off-road" vehicles, not other types. Second, 43 C.F.R. § 8340.0-5 defines an off-road vehicle as "any motorized vehicle capable of, or designed for, travel on or immediately over land, water, or other natural terrain..." By defining an off-road vehicle as on designed for natural terrain rather than man-made, i.e. the highway, Congress clearly intended to prevent the operation of unregistered vehicles on land not meant for daily travel. Had it intended otherwise, it would have extended the regulation to all vehicles instead of using a limiting word like 'off-road'.

Finally, Seitles' argument that the motor home meets section 8340.0-5's definition of an "off-road" vehicle, because it is capable of travel over natural terrain is belied by the record in this case. When given the opportunity to move the motor home on his own, Seitles chose to have it towed instead, because it was not capable of travel over the natural desert terrain. Seitles testified that "[t]he road had to be prepped..." before the motor home could be driven out. See Petty Offense Court Trial Transcript (#5), p. 107, l. 14-16. Additionally, Seitles testified that he needed an

additional vehicle present to tow the motor home out if it became immobile.  <u>See id</u>.  The motor home was clearly not capable of travel over land, water or other natural terrain.

For these reasons the Court finds that Seitles' acts or omissions in this case are not made punishable by any enactment of Congress.  Therefore, the NRS § 482.545 (1) is properly assimilated by the ACA.  As such, Seitles' conduct constitutes a Class B misdemeanor, an offense which is not subject to the requirements of the Speedy Trial Act.  Therefore, the Court denies Appellant's appeal and affirms the orders of the magistrate judge denying Seitles' motions to dismiss Count Two of the Complaint.

<u>III.  Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that the Orders of the Magistrate Judge in MJ-S-03-2159-PAL are **AFFIRMED**.

DATED this 12th day of May 2006.

_____
Kent J. Dawson
United States District Judge